J-S28015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL A. LEHMAN, | |
| Appellant | No. 1208 MDA 2014 |

Appeal from the PCRA Order June 19, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0002000-1988

BEFORE:  BOWES, ALLEN, and LAZARUS, JJ.

MEMORANDUM BY BOWES, J.:                        **FILED JUNE 15, 2015**

Michael A. Lehman appeals from the June 19, 2014 order denying as untimely his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  For the reasons set forth herein, we affirm.

When he was fourteen years old, Appellant, along with three co-defendants, was charged with murder, burglary, robbery, criminal conspiracy, and criminal homicide relating to the murder of Kwame Beatty on June 18, 1988.  In January 1990, Appellant was tried as an adult and convicted by a jury of all charges, including first-degree murder.  Later that year, the trial court imposed the mandatory sentence of life imprisonment without parole, as well as a consecutive five to ten year sentence for burglary and concurrent sentences of three to six years for each robbery and

criminal conspiracy count. Appellant filed a direct appeal from the judgment of sentence, which this Court affirmed on December 27, 1991. *Commonwealth v. Lehman*, 606 A.2d 1231 (Pa.Super. 1991) (unpublished memorandum).

Appellant, represented by counsel, filed his first PCRA petition on October 8, 1998. That petition as amended was denied on May 26, 1999. This Court affirmed. *Commonwealth v. Lehman*, 754 A.2d 19 (Pa.Super. 2000) (unpublished memorandum). Following that dismissal, our High Court denied allowance of appeal on July 20, 2000. *Commonwealth v. Lehman*, 764 A.2d 1066 (Pa. 2000).

Appellant's second collateral petition was filed on July 1, 2010 and dismissed as untimely by the PCRA court on August 26, 2010. This Court upheld the dismissal, *Commonwealth v. Lehman*, 34 A.3d 221 (Pa.Super. 2011) (unpublished memorandum), and our High Court again denied allowance of appeal on December 20, 2011. *Commonwealth v. Lehman*, 34 A.3d 827 (Pa. 2011).

Appellant's third collateral petition, which he filed on August 21, 2012, was dismissed on November 20, 2013, by the Honorable Michael E. Bortner. Appellant thereafter amended that petition to assert that Appellant was entitled to relief under the Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), which prohibits the imposition of a mandatory term of life imprisonment on juvenile homicide offenders. That amended petition

- 2 -

generated an order staying the motion pending a decision by the Pennsylvania Supreme Court in *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013), in which our High Court ultimately held that the *Miller* prohibition did not apply retroactively to collateral appeals. Based on the resolution of *Cunningham*, Judge Bortner dismissed Appellant's petition as untimely.

Appellant filed this timely appeal of that dismissal. He complied with the court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and the PCRA court filed its responsive Pa.R.A.P. 1925(a) opinion shortly thereafter. Appellant's issues are now ready for our review.

Appellant raises three issues on appeal:

1. Despite the ruling in *Commonwealth v. Cunningham*, did the lower court judge abuse his discretion by refusing to grant Appellant a new sentencing hearing because the currently imposed sentence of mandatory life without parole violates the Eighth and Fourteenth Amendments to the United States Constitution?

2. Did the lower court judge abuse his discretion by not granting the Appellant a new sentencing hearing pursuant to Article 1, Section 1, and Article 1, Section 13 of the Pennsylvania Constitution, thereby violating Appellant's right to due process, equal protection, and to be free from cruel punishments?

3. Did the Appellant preserve all of the issues presented in the statement of matters complained of on appeal in the amended Post Conviction Relief Act petition?

Appellant's brief at 3.

In reviewing a PCRA appeal, we consider the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa.Super. 2014) (*en banc*). In performing this review, we consider the evidence of record and the factual findings of the PCRA court. **Id**. We afford "great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record." **Id.** Accordingly, so long as a PCRA court's ruling is free of legal error and is supported by record evidence, we will not disturb its decision. **Id**. Where the issue presents a question of law, "our standard of review is *de novo* and our scope of review is plenary." **Id.**

A PCRA petition is untimely if it is filed more than one year after the date of judgment of sentence becomes final. 42 Pa.C.S. § 9545. This Court is therefore without jurisdiction to evaluate a facially untimely petition unless the petitioner can prove that it falls within one of the three exceptions to the PCRA's one year time-bar: 1) failure to raise a claim is the result of governmental interference, 2) facts were unknown to and could not have been learned by the petitioner, and 3) the sentence interferes with a constitutional right recognized by either the Supreme Court of the United States or the Supreme Court of Pennsylvania after one year following petitioner's conviction and that court has held to apply such recognition retroactively. 42 Pa.C.S. § 9545. A facially untimely petition that does not

plead and prove any of the three exceptions is time-barred and is to be dismissed.

Herein, Appellant's issues rest solely upon questions of law. Appellant argues that the imposition of such a sentence violated his Eighth Amendment and Fourteenth Amendment liberties. Appellant's brief at 7. In light of **Cunningham**, the Commonwealth maintains that, because neither the United States Supreme Court nor our High Court has held that **Miller** is retroactive, Appellant is not entitled to relief on this basis. Thus, he does not satisfy any of the three exceptions to the PCRA's time limitations. We agree.

Appellant's petition was filed almost twenty years after judgment of sentence became final. Because that petition is facially untimely and because Appellant raises no argument that he satisfies any of the three exceptions to the PCRA's one-year time-bar, we have no jurisdiction to address the issues he presents. We consequently find that the PCRA court did not err in denying and dismissing Appellant's time-barred petition for post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/15/2015